E. B. FICKLEN TOBACCO COMPANY, Appellant, Respondent, *v.* A. FRIEDBERG and MAX FRIEDBERG, Copartners, Trading as A. FRIEDBERG & BRO., Respondents, Appellants.

First Department, April 22, 1921.

Sales — action for purchase price — order for stay of trial and for inspection more than year after sale denied — answer failing to deny sale, etc.— amended answer denying facts theretofore admitted not stricken out as sham — alternative motion to stay defendants from proceeding with counterclaim on ground that one of them had not appeared for examination before trial denied — permission to file second amended answer denied for laches.

In an action to recover the purchase price of tobacco alleged to have been sold by the plaintiff to the defendants, an order for a stay of the trial and an inspection of the tobacco will be denied after issue is joined, where it appears that more than a year has elapsed during which the inspection might have been made, and since no purpose would be served thereby except a delay of the trial.

Where the defendants in an action against them to recover the purchase price of certain tobacco served an original answer which failed to deny the sale, delivery and agreed price thereof, but by way of defense alleged that the tobacco was stored by plaintiff for the defendants, and subsequently served an amended answer denying the delivery of the tobacco, and alleging that the same was sold by sample and did not conform thereto and that the sale was rescinded by the defendants except as to a certain portion thereof, a motion to strike out the amended answer as sham, because of the denial of facts which theretofore had been admitted, was properly denied.

An alternative motion to stay the defendants from proceeding with their counterclaim for breach of the contract on the ground that one of them had failed to appear for examination before trial was properly denied, where the order requiring them to submit to examination was not served until two days after one of them had sailed for Europe.

Nor was it improper to deny a motion by the defendants for leave to serve a second amended answer, made returnable on the date set for the trial, since the defendants were guilty of laches.

APPEAL by the plaintiff, E. B. Ficklen Tobacco Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of March, 1921, staying the trial of the action and directing the plaintiff to permit the defendants to inspect and remove portions of the tobacco stored in North Carolina, and also from an order entered in said clerk's office on the 14th day of March, 1921, denying plaintiff's motion to stay the defendants from proceeding with their counterclaim.

Appeal by the defendants, A. Friedberg and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of March, 1921, denying defendants' motion for leave to serve a second amended answer.

*Leon N. Futter* of counsel [*George Gordon Battle* with him on the brief; *O'Gorman, Battle & Vandiver*, attorneys], for the plaintiff.

*Edward N. Perkins* of counsel [*Rhinelander, Durkin & Perkins*, attorneys], for the defendants.

PAGE, J.:

The plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the State of North Carolina and having its place of business in that State. The defendants reside and have their place of business in Pittsburg, Penn. The complaint alleges the sale and delivery by the plaintiff to the defendants, between the months of December, 1919, and February, 1920, of certain hogsheads of tobacco at the agreed price and reasonable value of $37,753.23. The answer, by failure to deny, admits the sale, delivery and agreed price of the tobacco, but denies that the sum of $37,753.23 is due and owing. By way of defense it alleges that the tobacco was stored in a warehouse by the plaintiff for the defendants and the warehouse receipts representing said goods were delivered to the defendants, by which said goods were deliver-

able from warehouse to the bearer of the receipts; that prior to said delivery the defendants had no opportunity to inspect said goods and that thereafter it came to the attention of the defendants, and it is a fact, that the goods were not in good, merchantable condition, but were defective and of inferior quality; that thereafter the plaintiff agreed to receive back said goods and the defendants returned the warehouse receipts. The answer further alleges a counterclaim for $20,000 damages for breach of the contract of sale.

The defendants thereafter served an amended answer denying the delivery of the tobacco and that any sum was due and owing, and alleging a defense of a sale by sample; that the tobacco was stored by the plaintiff at the instance of the plaintiff, and not at the request of the defendants; that plaintiff sent warehouse receipts to the defendants for all of the hogsheads except thirty-four, which were shipped to Brooklyn; that in March, 1920, these latter were examined and found not to correspond to sample; and that the defendants elected to rescind the contract except as to the thirty-four hogsheads. As to these thirty-four, defendants counterclaimed for $3,000 damages. Plaintiff moved to strike out this amended answer as sham, or in the alternative to stay the defendants from proceeding with their counterclaim on the ground that the defendant Abe Friedberg had failed to appear for examination before trial pursuant to a court order. This motion was denied, and an appeal has been taken to this court from the latter portion of the order.

Issue was joined by the service of the amended answer on December 22, 1920. The cause was placed upon the calendar and set for trial on March 14, 1921. On March 11, 1921, the defendants obtained an order to show cause why they should not be allowed to serve a second amended answer changing the counterclaim from a cause of action for $3,000 damages sustained by reason of the defective thirty-four hogsheads of tobacco delivered in Brooklyn, to one for $30,000 damages for the breach of the entire contract. The order to show cause was returnable on March fourteenth, the day the cause was set for trial. The court properly denied this motion on the ground of the defendants' laches. The defendants have appealed from this order, and it should be affirmed.

The defendants obtained an order for an inspection of the tobacco in North Carolina, with a stay of the trial meanwhile, on March 16, 1921, and plaintiff has appealed therefrom.

The deliveries were made in the months of January and February, 1920. No effort was made by the defendants to inspect the tobacco in North Carolina until February, 1921, nearly two months after issue had been joined by the service of the amended answer. Where the purchaser has the right to inspect the goods, such inspection must be made within a reasonable time. A year after the sale and delivery is not a reasonable time for inspection. The defendants defend the action on the theory of a rescission of the contract prior to the commencement of the action, and counterclaim for damages because of defects in a certain portion of the goods. They will, therefore, be confined to the grounds given for rescission, and the seller will not be liable for any other breaches of the contract, notice of which was not given within a reasonable time. (Pers. Prop. Law, § 130, as added by Laws of 1911, chap. 571.) There is, therefore, no purpose to be served by an inspection of the tobacco at this time, except to delay the trial of the action. The order for such inspection should be reversed.

The motion to strike out the defendants' answer as sham because of the denial of facts which theretofore had been admitted, was properly denied. The defendants have the right to explain on the trial these inconsistencies, and the admissions, denials and the explanations will be considered by the jury in deciding the credibility of the defendants' testimony. An issue is presented by the answer which cannot be tried on affidavits. The alternative motion to stay the defendants from proceeding with their counterclaim was also properly denied. The order requiring both defendants to submit to examination before trial was never served on the defendant Abe Friedberg as he sailed for Europe two days before it was granted.

It, therefore, follows that

1. The order for inspection and a stay of the trial will be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs to the plaintiff.

2. So much of the order as denies the motion to stay the defendants from proceeding with their counterclaim will be affirmed, with ten dollars costs and disbursements to the respondent.

3. The order denying leave to serve a second amended answer will be affirmed, with ten dollars costs and disbursements to the respondent.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

1. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

2. Order affirmed, with ten dollars costs and disbursements.

3. Order affirmed, with ten dollars costs and disbursements.