STANDARD OIL COMPANY OF NEW YORK, Appellant, *v.* PETER C. BOYLE, Respondent.

Fourth Department, January 4, 1933.

*Frederick O. Bissell,* for the appellant.

*Francis W. Cullen,* for the respondent.

PER CURIAM. Plaintiff cannot be held liable for any damages arising from a breach of an implied warranty after defendant discovered that the tank in question was unsuitable for the purpose of storing gasoline. From and after that date respondent assumed the risk of losing his gasoline, if he used the tank. (*Standard Oil Co. of N. Y.* v. *Boyle,* 231 App. Div. 101, 102; *Huber* v. *Ryan,* 57 id. 34, 37.) Therefore, the date when defendant discovered this alleged leak or defect became one of the vital issues in the case.

In view of respondent's sworn statements, contained in his original answer, and in his bill of particulars and in an affidavit used by him in opposition to a motion for summary judgment on the original answer, that he learned of this defect and discovered that the gasoline was leaking or escaping from the tank in 1927, and his own testimony in relation thereto, we think that the verdict awarding damages for loss of gasoline during the years 1928 and 1929 is against the weight of the evidence.

The jury returned a verdict in favor of the defendant for $850. This was more than the defendant demanded in his answer, and more than his proof would warrant. The verdict as rendered, therefore, cannot stand.

The proof of damages is unsatisfactory, and is largely based upon mere estimates of defendant's loss.

For the above reasons, we think that the judgment and order appealed from should be reversed on the facts, and a new trial granted, with costs to appellant to abide event.

All concur.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.