JOHN W. SMITH, RESPONDENT, *v.* RIO GRANDE WESTERN RAILWAY COMPANY, APPELLANT.

APPEAL.—VERDICT OF JURY.—CONFLICTING EVIDENCE.—The verdict of a jury or the finding of a court where there is a conflict of the testimony will not be set aside by the appellate court, unless the verdict or finding is manifestly against right and justice.

NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE.—QUESTION FOR JURY.— *Semble* that where it is contended that the lower court as a matter of law should have instructed the jury that upon the plaintiff's own testimony he could not recover because guilty of contributory negligence, such contributory negligence is never a question of law for the court, but a question of fact for the jury.

RAILROADS.—ACCIDENT AT CROSSING.—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE.—Where the testimony shows that the plaintiff in company with another man was traveling a public highway in the town of Springville, and upon approaching defendant's railway crossing, stood up in his wagon and listened about a minute for a train, and then drove ahead, and as he was crossing the track was injured by a train, and the testimony for the plaintiff shows that no bell on the locomotive or whistle was sounded, although this latter fact is absolutely contradicted by testimony for the defendant; *held,* that the questions of negligence and contributory negligence were for the jury, and the finding of the jury would not be disturbed upon appeal.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial, Hon. John W. Blackburn, judge. The opinion states the facts.

*Messrs. Bennett, Marshall and Bradley,* for the appellant.

*Messrs. King and Houtz,* for the respondent.

SMITH, J.:

On this appeal the only question presented for our consideration is whether or not the evidence is sufficient to justify the verdict of the jury. No errors of law whatever are assigned. The action was commenced by the plaintiff to recover $15,000 for personal injuries alleged to have occurred to him by reason of a collision with one of the defendant's trains. The verdict was for $7,500, which the plaintiff voluntarily abated to $3,500. The facts, in substance, are, as claimed by the plaintiff, that on the 6th day of July, 1891, the plaintiff, in company with one Watters, was riding in a wagon on the public highway in the town of Springville, in Utah county, at a point where it intersected the line of the defendant's railway, at about the hour of 11 o'clock at night; that the wind was blowing fiercely from the north or northeast; that the plaintiff was driving towards the northeast, from the southwest, at the point of crossing; that the railway train of the defendant approached the crossing from the southeast, moving toward the northwest, the intersection of the railway and highway being practically at right angles. As to the situation of the premises, there is no controversy. Plaintiff and Watters both testify that, shortly before they reached the railway crossing, plaintiff stood up in his wagon, and looked to the southeast, along the line of defendant's railway, for the train which was expected about that time; that after looking for some time, about a minute,—so the plaintiff said,—the plaintiff sat down in the wagon bed, with his face to the south. This statement is corroborated by Watters.

The wagon in which plaintiff was riding was 20 feet from the track when he sat down. As the team passed upon the track it was struck by the defendant's train. One of the horses was killed. The wagon was turned over. The plaintiff was thrown out, and injured, by coming in

collision with the locomotive. The extent of the plaintiff's injuries is testified to by several witnesses, and, while some question is made here as to the sufficiency of the proof upon that subject, there was no proof against the claim of the plaintiff on that point; and we think the evidence of the plaintiff, as to the extent of his injuries, was certainly sufficient to warrant the jury in returning a verdict in his favor. The plaintiff testifies that he looked and listened for the train; that no whistle was sounded, and no bell was rung, in approaching the crossing. Watters swears to substantially the same thing. A brother of the plaintiff, who was riding on horseback some 150 yards in the rear of the wagon, also testifies that no signal of the approach of the train was given. Against this testimony the defendant offered the testimony of the railway conductor, of the locomotive engineer, and of the locomotive fireman, on the train in question, to the effect that the whistle was sounded before reaching the crossing. All of them swear positively that this was done. The locomotive engineer and fireman testified that it was sounded about 200 yards distant from the crossing. Neither of them claimed that the bell was rung. The failure to sound the whistle or ring the bell, or give any warning of approach, is the negligence relied upon by the plaintiff.

It will be seen by the above statement of the evidence that upon this question there was a direct conflict. Three witnesses swear upon each side. The engineer and fireman testified to sounding the whistle within 200 yards of the crossing, while the statute requires that it be sounded 80 rods, or say 440 yards, from the crossing. Under the circumstances the case became peculiarly one for the decision of the jury. The jury returned a verdict in favor of the plaintiff, indicating by that that they believed the testimony of the plaintiff's witnesses, and disbelieved that of the defendant's witnesses. This court has held "that the

verdict of a jury or the findings of a court, where there is a conflict in the testimony, is not to be set aside by the appellate court unless the findings are clearly and manifestly against right and justice." See *Slater* v. *Cragun*, 7 Utah, 412, 27 Pac. Rep. 4. This rule we believe to be universal, and do not deem it necessary to cite other authority. So that it would appear that the finding that the defendant was negligent cannot be disturbed.

The question arises whether or not, upon the testimony in the case, the court should have instructed the jury that, as a matter of law, the plaintiff contributed to the injury, and therefore cannot recover. We are aware that cases have arisen in which courts, upon the admitted facts, have declared that, as a matter of law, the negligence of the plaintiff contributed to his own injury, and that, therefore, he could not recover. The question was before the Supreme Court of the United States in the case of *Railway Co.* v. *Ives*, 144 U. S. 408, 12 Sup. Ct. Rep. 679. The court, in passing upon the question, used the following language:

"It is earnestly insisted that, although the defendant may have been guilty of negligence in the management of its train which caused the accident, the evidence in the case, given by the plaintiff's own witnesses, show that the deceased himself was so negligent in the premises that but for such contributory negligence on his part the accident would not have happened; and it is therefore contended that the court below should, as a matter of law, have so determined, and, it not having done so, this court should so declare, and reverse its judgment. [It will be seen that the above is the exact contention here.]. To this argument several answers might be given, but the main reason why it is unsound is this: As the question of negligence on the part of the defendant was one of fact, for the jury to determine, under all the circumstances of the case, and under proper instructions from the court, so, also, the

question of whether there was negligence in the deceased, which was the proximate cause of the injury, was likewise a question of fact, for the jury to determine, under like rules. The determination of what was such contributory negligence on the part of the deceased as would defeat this action, or perhaps, accurately speaking, the question of whether the deceased, at the time of the fatal accident, was, under all the circumstances of the case, in the exercise of such due care and diligence as would be expected of a reasonably prudent and careful person under similar circumstances, was no more a question of law, for the court, than was the question of negligence on the part of the defendant. There is no more of an absolute standard of ordinary care and diligence in the one instance than in the other." This authority is binding upon us.

Upon the whole case, we think the court did not err in refusing to grant a new trial. The case was properly submitted to the jury, under proper instructions, to which there was and is no exception; and the jury had the witnesses before them, heard the testimony, believed one set, and disbelieved the other, and we do not feel authorized to set aside the verdict that they have rendered. The judgment is affirmed.

ZANE, C. J., and MINER, J., and BARTCH, J., concurred.