## TYLER v VISTULA REALTY CO

Ohio Appeals, 6th Dist, Lucas Co

No. 2110, Decided Jan 14, 1929

Sol D Tucker, Toledo, for Tyler.

Marshall, Melhorn, Marlar & Martin, Toledo, for Realty Co.

### RICHARDS, J

It is contended that the ordinance does not apply to the situation pleaded and disclosed in the opening statement, because the public porch, passageway or corridor was not in the building. We cannot find

that such contention is justified. The ordinance was enacted for the safety of the general public and of tenants occupying the building, and must be construed to include such a public passageway and porch or corridor in a hotel or apartment house, as is described. So far, therefore, as the negligence of the defendant is concerned, the direction of the verdict was unwarranted.

It is contended, however, that the petition and the opening statement of counsel raise a presumption of contributory negligence on the part of the plaintiff directly resulting in her own injury. On a motion for a directed verdict, on the opening statement of counsel for plaintiff, the statement must be construed most favorably to the plaintiff. The petition charges that without her fault she "stepped upon some article" which caused her to be thrown, while the opening statement of counsel is to the effect that she was unable to determine whether it was a raise in the floor or what it was. This would justify the introduction of evidence to show that she stepped on some substance that had been dropped on the floor by some other tenant or person, shortly before her injury, and that she had no knowledge of it. The statement, in the opinion of this court, does not show facts which raise a presumption of her negligence and bar her recovery. In this respect the case differs from McKinley vs. Niederst, decided by the Supreme Court March 21, 1928, 118 Ohio St.,...., for, in that case, the plaintiff fell down a stairway of the existence of which she had full knowledge, and there was no ordinance requiring the same to be lighted. If the stairway in that case had been constructed during the day while she was absent and on her return after dark, without knowledge of its existence and while it was unlighted, she had fallen down it, the lighting thereof being required by ordinance there would be some similarity in the cases.

It is well known that the right to direct a verdict on the opening statement of counsel should be exercised with great caution and only when it clearly appears therefrom that the plaintiff is not entitled to recover. Cornell vs. Morrison, 87 Ohio St., 215.

For the reasons given the judgment will be reversed and the cause remanded for new trial.

Williams and Lloyd, JJ, concur.