### ROTH et v TRAKAS

Ohio Appeals, 1st Dist, Hamilton Co
No 3574. Decided March 24, 1930

Ragland, Dixon & Murphy, Cincinnati, for Roth.

Max Rafalo, Cincinnati, for Trakas.

ROSS, J.

It is claimed by the plaintiffs in error that their motion for an instructed verdict should have been granted; first, because, there was no evidence that the premises were out of repair; second, because there was no evidence that the lessees knew of any dangerous condition existing requiring repair; and, third, that the defendant in error knew, or should have known that the crack was in the step, and was guilty of contributory negligence in proceeding down a dark stairway, if it was dark, or in carelessly stepping upon the cracked step, if it was light enough to see it.

The evidence upon the charges of negligence of the landlord and contributory negligence of the tenant presented questions for the jury.

The case of **McKinley v. Niederst, 118 Ohio St., 334,** is not in point, for the court specifically found that there was no ordinance requiring the stairway to be artificially lighted, and while the court upon the facts in that case held that the tenant was as a matter of law guilty of contribu-

tory negligence, it was upon the ground that the plaintiff attempted to pass down a stairway which was in "total darkness". The facts are wholly dissimilar to those in the case at bar. Under the decision of the Supreme Court in the case of **Davies etc. v. Kelley, 112 Ohio St., 122,** the syllabi are as follows:

"If the owner of a house leases a portion of it, to which access is had by ways of halls, stairways or other approaches, to be used by such tenant in common with the owner or tenants of the other portions of the premises and retains the possession and control of such halls, stairways or other approaches, it is his duty to exercise ordinary care to keep the same in a reasonably safe condition."

"Where a porch and stairway leading thereto are provided, maintained, and controlled by a landlord for the use of several tenants of his building, and are thus used, he is, in general, liable for any injuries arising from his neglect to keep the same in proper repair; such duty and liability extend not only to the tenant himself, but also to members of his family, employees, guests, and invitees."

It was a question for the jury whether the duty as so defined had been performed by the landlord in the instant case.

A portion of the general charge of the court is criticized as not stating this rule correctly, in that the landlord under the charge is required to use reasonable care and diligence to keep the stairway in repair instead of "in a reasonably safe condition". The portion of the charge is as follows:

"It is the duty of a landlord, in which there is a common stairway used by tenants jointly, which remains under the control of the landlord or his agent, to use reasonable care and diligence in keeping said stairway in repair, x x x x"

The portion of the general charge immediately following that quoted reads:
"and if, by their failure to use ordinary care and diligence the stairway did become out of repair and a party was injured as a proximate result thereof, without having been guilty of negligence on her part which directly contributed to any extent to the injuries, if any she sustained, then she would be entitled to recover; otherwise she would not."

Taking the whole charge as given, the plaintiffs in error were not prejudiced thereby, for if the stairway was out of repair and this was the proximate cause of the injuries, the stairway could not be said to be in a "reasonably safe condition".

On the other branch of the case it was a question for the jury to determine whether the failure of the landlord to comply with the city ordinance, requiring lighting, constituting negligence was the proximate cause of the injuries.

The following special charge was given and is claimed to be erroneous:

"There was no legal duty on the part of the plaintiff to ask that the lights be turned on in the public hallway of a tenement building after sunset and before 10 o'clock in the evening."

The charge is correct. There was no **legal duty** upon the tenant to ask for lights, although her failure to so ask might be considered by the jury in comparing the conduct of the tenant with that of a reasonably prudent person under the circumstances.

Other matters of error are urged, none of which we consider prejudicial to the rights of the plaintiffs in error.

The judgment is affirmed.

Hamilton, J., concurs.