BENJAMIN GUTOWSKI, PLAINTIFF, v. HYMAN GOLDBERG
ET AL., DEFENDANTS.

Decided February 6, 1931.

Before Gummere, Chief Justice, and Justices Tren-
chard and Lloyd.

For the rule, *Aaron Heller.*

*Contra, Jacob L. Bernstein.*

Per Curiam.

The defendants were the owners of a tenement house on
River street, in the city of Paterson. The plaintiff was a
tenant, occupying rooms on the third floor of the building.
About half-past eight in the evening of March 2d, 1929,
while descending the stairway from the third to the second
floor, he fell, owing to the defective condition of the stair-
way, and received the injuries for which he sued. The hall
and stairway were dark, no lights having been lit there.
The trial resulted in a verdict in favor of the plaintiff.

The first ground on which we are asked to make the present
rule absolute is that the trial court erred in refusing to non-
suit the plaintiff, and also in refusing to direct a verdict
for the defendants. The basis of this contention is that the
plaintiff not only knew of the absence of the lights at the
time of the accident, but that he also knew that the defend-
ants had previously refused, and continued to refuse up to
the time of the accident, to keep these lights burning during

the evening, and that, therefore, the defendants were not guilty of negligence producing the accident in failing to keep the hall lights on. It is further argued in support of this contention that, admitting the stairway to have been in a defective condition at the time of the accident, this fact did not impose liability upon the landlords, in the absence of knowledge on their part of this condition, unless it appeared that it had continued long enough to charge them with notice, and that there was no proof of either actual or constructive knowledge of the fact.

We think that the motions to nonsuit and to direct a verdict for the defendants were properly refused. The Tenement House act of 1904, section 126, provides that: "In every tenement house now existing or hereafter erected a proper light shall be kept burning by the owner in the public hallways, and in every tenement house over two stories high such a light shall also be kept burning upon the second floor from sunset each day until ten o'clock each evening." In our opinion, the deliberate ignoring by the defendants of the duty imposed upon them by this statute constituted gross negligence on their part, and they cannot avoid responsibility merely because of knowledge on the part of the tenant that they were disregarding their statutory duty. As to the other ground urged in support of this contention, it is enough to say that, under the proofs in the case, the question of the knowledge of the defendants of the existence of the defective condition of the stairway was one to be determined by the jury, and not by the court.

The only other contention argued as a ground for setting aside the verdict is that the trial court failed to charge the jury on the law of contributory negligence. If counsel had desired the court to instruct the jury as to the law on this phase of the case, he should have submitted a request for such instruction. In the absence of such a request, the omission of the instruction does not constitute legal error. Counsel having failed to make the request, he cannot now take advantage of that failure.

The rule to show cause will be discharged.