# MOORE v. MILES.

No. 6782.  Decided May 10, 1945.  (158 P. 2d 676.)

See 43 C. J. S., Innkeepers, sec. 23; 28 Am. Jur., 634, 640.

*Rawlings, Wallace & Black* and *Howard F. Coray,* all of Salt Lake City, for appellant.

*Samuel J. Nicholes,* of Salt Lake City, for respondent.

LARSON, Chief Justice.

Appeal from judgment in the District Court of Salt Lake County awarding plaintiff $750 damages for personal injuries.

Plaintiff, a guest at defendant's hotel, left her room to go to her car in the parking lot maintained by the hotel, to the west of the building. Extending east and west across the building, on the same floor as plaintiff's room, was a hallway, the east end of which turned down into the lobby by an "L" stairway. At the west end was a short flight of stairs leading directly to a door opening on the parking lot. Plaintiff fell down these steps and sustained a comminuted fracture of the left arm. The jury returned a verdict of $583 general damages and $167 special damages. Defendant seeks reversal, contending:

1. There was not sufficient evidence of negligence to take the case to the jury.

2. The court erred in a matter of instructions.

3. Plaintiff was guilty of contributory negligence as a matter of law.

We shall consider these questions in order.

Point number one turns upon the question of lights in the hallway. Plaintiff testified that the west end of the hall was so dark she could not see the stairs; and that as she was walking slowly, and feeling ahead with her feet, she lost her balance at the first step and fell down the short flight of steps to the doorway. As to the darkness of the west part of the hallway and the west steps she was corroborated by her husband. On the other hand the night clerk testified that the hallway was lighted and when he stood at the east end of the hall he could see the entire length of the hall and could see the rooms all the way down the hall. This conflict in the evidence presented a question for the jury as to whether the hall was lighted, an important element on the question of negligence. *Olsen* v. *Hayden Holding Co.*, 92 Utah 551, 70 P. 2d 463. If the hall was properly lighted, defendant was not negligent. This question was properly submitted to the jury by Instruction number 7.

Plaintiff pleaded and put in evidence certain sections of an ordinance of Salt Lake City relating to hotels. Some point is raised in the argument that the ordinance does not apply to situations such as are revealed in this case; that the ordinance merely requires hotels to install a proper system for lighting rooms, halls, stairs and corridors, but does not impose the duty of keeping it properly lighted. This ordinance was before us in *Olsen* v. *Hayden Holding Co.*, supra, and we there held against such construction. Be it noted that the statute, Sec. 3-12-19, U. C. A. 1943, imposes on hotel keepers the duty of keeping hallways properly lighted. Plaintiff pleaded both the ordinance and the statute, and alleged violation of both by defendant in failing to keep proper lights burning. There is evidence from which the jury could, and they did, find this duty was not performed and that such failure of defendant was negligence.

Defendant next complains of the trial court's failure to give his proposed Instruction No. 2, which the court marked "given in substance." So much of this Instruction as is justified by the evidence was given by the court in different form. The point is made that the instructions of the court did not sufficiently call attention to and emphasize the thought that if defendant did not know the light in the hall was out, he would not be negligent. This point is not well taken. The court did instruct that it was the defendant's duty to use due care to keep the lights burning, and that he was negligent only if he failed to use such care to keep the hallway properly lighted. But there is also another complete answer to this argument. At the trial defendant did not contend that the lights were properly inspected and that he had no knowledge that the light was out. All the testimony for defendant was to the effect that the hall was adequately lighted and that plaintiff could see where she was going; that the accident was in no way caused by darkness in the hallway. Under such contentions in the evidence it was not error to refuse the requested instruction in the form it was submitted.

The next question for consideration is whether plaintiff was guilty of contributory negligence as a matter of law in proceeding down the darkened hallway knowing that the stairway was at the end thereof. In this jurisdiction we are committed to the doctrine that the question of contributory negligence is one for the jury, where as said in *Carpenter* v. *Syrett*, 99 Utah 208, 104 P. 2d 617, 619,

"different conclusions may be reasonably drawn by different minds from the same evidence   *   *   *."

See also, *Olsen* v. *Hayden Holding Co.*, supra; *Jensen* v. *Logan City*, 89 Utah 347, 57 P. 2d 708; *Shortino* v. *Salt Lake & Utah R. R. Co.*, 52 Utah 476, 174 P. 860; *Larkin* v. *Saltair Beach Co.*, 30 Utah 86, 83 P. 686, 3 L. R. A., N. S.,

982, 116 Am. St. Rep. 818; *Hone* v. *Mammoth Min. Co.*, 27 Utah 168, 75 P. 381; *Smith* v. *Rio Grande Western Ry. Co.*, 9 Utah 141, 33 P. 626. And from other jurisdictions, *L'Heureux* v. *Hurley*, 117 Conn. 347, 168 A. 8; *Sodekson* v. *Lynch*, 314 Mass. 161, 49 N. E. 2d 901; *Armstrong* v. *Yakima Hotel Co.*, 75 Wash. 477, 135 P. 233.

But defendant argues that since plaintiff had a choice of going down the stairway into the lobby, which admittedly was well lighted, or down the west stairway, to the parking lot, which plaintiff testified was dark, she was negligent as a matter of law because she chose the unsafe route. A similar situation was presented to the court in *Williams* v. *City of New York*, 214 N. Y. 259, 108, N. E. 448, 449, and it was there said:

"Another point urged against the plaintiff grows out of his conduct on the occasion of the accident. He had slipped down on the sidewalk just before he fell the second time and broke his leg. He pursued his way along the icy sidewalk instead of crossing the street to a sidewalk which was entirely clear. This, it is said, was contributory negligence, not merely justifying, but requiring, the nonsuit. It may have been contributory negligence as a matter of fact, but we think it was a question for the jury. In *Twogood* v. *Mayor etc., of New York*, 102 N. Y. 216, 6 N. E. 275, it was held to be a question for the jury whether a plaintiff was chargeable with contributory negligence in venturing upon a walk in an icy condition when she might have avoided all danger by going upon the walk on the other side of the street which was clear and safe."

In the face of such facts, the court still held in the Williams Case that the question of contributory negligence was for the jury. A similar case is *Tillotson* v. *City of Davenport*, 232 Iowa 44, 4 N. W. 2d 365, 366, where the court likewise held that the question of contributory negligence was for the jury. The court said:

"It is well settled that mere knowledge that a walk is dangerous, unsafe for travel, is not sufficient to establish contributory negligence though there is another way that is safe and convenient, and to defeat recovery it must appear that the traveler knew or as an ordinarily cautious person should have known that it was imprudent

to use the walk. *Templin* v. *City of Boone*, 127 Iowa 91, 102 N. W. 789; *Reynolds* v. *City of Centerville*, 151 Iowa 19, 129 N. W. 949; *Gibson* v. *City of Denison*, 153 Iowa 320, 133 N. W. 712, 38 L. R. A., N. S., 644; *Travers* v. *City of Emmetsburg*, 190 Iowa 717, 180 N. W. 753; *Lundy* v. *City of Ames*, 202 Iowa 100, 209 N. W. 427; *Franks* v. *Sioux City*, 229 Iowa 1097, 296 N. W. 224."

In view of the foregoing authorities, and the long established rule in this jurisdiction, that contributory negligence is a question for a jury, we hold that the issue of contributory negligence was properly submitted to the jury by the trial court.

The judgment is affirmed. Costs to respondent.

McDONOUGH, TURNER, and WADE, JJ., concur.

WOLFE, Justice (concurring).

I concur. The stairway leading directly to the parking lot was not barred. It was apparently for the use of the guests to make exit and entry to and from the parking lot. It constituted an invitation to use it as such because it was built for that purpose and left open for use. Whether under its improper state of lighting a prudent person should have accepted the implied invitation is a question for the jury, whose duty it is to judge whether the plaintiff trying to go to the parking lot in the most direct way acted with reasonable prudence under the circumstances of this case.