**STATE ex rel BACIAK, Plaintiff-Appellant, v. BOARD OF EDUCATION (Cleveland) et, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21520. Decided July 18, 1949.

Frank J. Kmiecek, C. P. Mauk, Horwitz, Kiefer & Harmel, George P. Baer, Cleveland, for plaintiff-appellant.

Lee C. Howley, Director of Law, Chas W. White, Asst. Director of Law, Frank T. Cullitan, County Pros., Ralph W. Edward and Saul S. Danaceau, Asst. County Prosecutors, Victor M. Todia, Cleveland, for defendant-appellee.

## OPINION

By McNAMEE, J.

The parties will be referred to as they appeared in the trial court.

This is an appeal on questions of law from a judgment of the Court of Common Pleas rendered in favor of the defendants, upon the petition and opening statement of the plaintiff. Counsel for all parties made opening statements in the trial court and it was not until the plaintiff's first witness was called that the defendants made their motions for judgment upon the plaintiff's petition and opening statement.

The Bill of Exceptions contains all of the opening statements but under the well settled principles that govern, this court is confined to a consideration of the facts as stated by the plaintiff, which in the present posture of the case must be accepted as true.

These facts are:—That plaintiff as a taxpayer brings this action on behalf of himself and other taxpayers of the school district; that he made the necessary request upon the law director and county prosecutor to institute the suit; that the board of education of the city of Cleveland executed a lease for the north wing of Tremont Public School to the County Child Welfare Board for use as a receiving home for neglected and dependent children for a term of five years with an option to the lessee to renew the lease for an additional five years. Pursuant to a contract between the parties, the lessee is granted the right to alter and remodel the north wing of the school to render it suitable for use as a receiving home for children. The cost of this work estimated at between

$130,000.00 and $150,000.00 is to be borne entirely by Cuyahoga County.

At the time this suit was instituted, the work of remodeling the north wing was in progress.

The gist of plaintiff's claim is that the contract and lease are illegal for the reason that the Board of Education exceeded its authority in permitting a public agency to occupy a school building for purposes other than those specified in §4839 GC, §§4839-1, 4839-2, 4839-3 GC. No question was raised as to the authority of either of the other defendants to enter into the lease and contract.

The trial court held:

"* * * the court finds that the defendants and each of them have acted in the premises within their respective lawful authority; and that the well-pleaded allegations of the petition and the facts shown by the opening statement on behalf of the plaintiff are insufficient to constitute a cause of action against the defendants or any of them, whereby the several motions of the defendants should be well taken."

The parties are not in agreement as to the precise question of law involved in this appeal. The defendant Board of Education poses the question as follows:

"* * * that a school board is without authority to lease a portion of a school building for use as a receiving home for dependent children or otherwise, and notwithstanding the same may not now or in the foreseeable future be needed for school purposes."

But there is nothing in the record that indicates that the leased portion of the school will not be needed for school purposes in the foreseeable future or within the period of the lease.

Plaintiff states the issue to be whether a Board of Education may lease a portion of a school building for uses other than school purposes, considering "that the premises so leased will not thereafter be available for any school purposes." Plaintiff's interpretation of the stated facts is a reasonable one. It is fairly to be inferred that the adaptation of the north wing of the school to the purposes and needs of a receiving home for neglected and dependent children will seriously impair, if not entirely destroy, its availability thereafter for school purposes.

Expensive alterations are contemplated as evidenced by the substantial sum of money to be expended by the County for such purposes and in view of the cost entailed it may be assumed that the Child Welfare Board proposes to occupy the premises for the full term of the lease.

The record is silent as to what provision, if any, has been made that will insure the reconversion of the leased premises to school purposes, free of expense to the Board of Education, in the event the need therefor arises at or before the expiration of the lease.

A Board of Education holds title to property of a school district in trust for school purposes. **Weir v. Day, 35 Oh St 143.**

"The boards of education of the state hold the property intrusted to their custody only as a public agency of the state. Although the title to school grounds and other school property is, by the express terms of the statute, vested in the board of education, it is not the private property of the board; it is authorized to hold it for the state for the promotion and advancement of the education of the youth of the commonwealth, and its control is limited according to the will of the sovereign power." **36 O. Jur. Sec. 166, page 198. Board of Education v. Volk, 72 Oh St 469, 74 N. E. 646.**

The general grant of powers to a Board of Education is contained in §4834 GC which reads as follows:

"The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing and disposing of real and personal property and taking and holding in trust for the use and benefit of such district, any grant or devise of land and any donation or bequest of money or other personal property and of exercising such other powers and privileges as are conferred upon it by law."

A legislative policy to permit the use of school houses for other purposes at times and under circumstances that protect against interference with their primary use for school purposes, is evidenced by §§4839, 4839-1, 4839-2 and 4839-3 GC.

Defendant, Board of Education, asserts that it possesses ample authority deriving from §4834 and §4839 GC et seq, to enter into the transaction here drawn into question. For reasons presently stated, the issues raised by these claims cannot be determined in this appeal. Consistent with its

fiduciary duties as the owner of school property, it is incumbent upon the Board of Education, while holding title to the property, to preserve its availability for school purposes where a present or probable future need therefor exists or is likely to arise.

Where a Board of Education leases a wing of a school building to another public agency for an extended and definite term, and authorizes the lessee to make structural changes in the leased portion of the building at the lessee's expense, it cannot on these facts alone, successfully maintain that it has acted within the scope of its statutory authority. Whether additional facts showing that without cost to the Board adequate provision has been made for the reconversion of the property and its re-adaptation for school purposes if and when the need therefor arises, would bring the case within the statutory authority of the Board, is a question upon which we express no opinion. All that we decide on this appeal is whether the trial court erred in rendering judgment for the defendants upon the petition and opening statement of plaintiff and in holding upon the facts therein stated that the Board of Education acted within its authority.

"It is generally agreed that the court should exercise great caution in directing a verdict on the opening statement of counsel, and the granting of such a motion will be upheld only where it is clear that all the facts expected to be proved and that have been stated do not constitute a cause of action; otherwise the trial court's action may be reversed by the reviewing court." **39 O. Jur. 885-886.**

The following statement also appears at page 886 and 887 of the text:

"In ruling on a motion to direct a verdict for the defendant on the opening statement of the plaintiff's counsel, the trial court must interpret the statement most favorably to the plaintiff, or, in the language of some cases, must give it the most liberal construction possible in favor of the plaintiff. The truthfulness of the facts stated therein is to be assumed and a reasonable and liberal construction is to be given the statement so that it may be allowed to stand, in order that the well-known principle that every litigant should have his day in court may be vindicated."

Nothing should be taken against the party making the statement. **Tyler v. Vistula Realty Co. 31 Oh Ap 1,** 166 N. E. 240.

The foregoing rules operate with no less force in an action by a taxpayer seeking injunctive relief than in an ordinary action at law. Their application here compels the conclusion that defendants' motion for judgment upon the petition and opening statement of plaintiff ought to have been overruled.

Accordingly this cause is remanded to common pleas court with instructions to overrule defendants' motion for judgment upon the petition and opening statement of plaintiff and for further proceeding according to law. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.