[No. 11381.   Department One. — April 20, 1888.]

F. P. McLENNAN, Respondent, v. W. H. OHMEN, Appellant.

Sale — Express Warranty how Created. — To create an express warranty on a sale of personal property, the word "warrant" need not be used, nor are any particular words necessary.   Any affirmation made at the time of the sale as to the quality or condition of the thing sold will be treated as a warranty if it was so intended and the purchaser bought on the faith of such affirmation, and whether it was so intended and the purchaser acted upon it are questions of fact for the jury.

Id. — Breach of Warranty of Fitness — Measure of Damages. — Under sections 3313 and 3314 of the Civil Code, the measure of damages for

the breach of a warranty of the fitness of an article for a particular purpose is the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.

Id. — Supplemental Complaint — Immaterial Error. — In an action to recover damages for the breach of a warranty of the fitness of a steam-engine for a particular purpose, the error, if any, in allowing the plaintiff to file a supplemental complaint claiming further damages suffered since the commencement of the action will not be deemed prejudicial, when there is nothing in the record to show that the supplemental complaint was ever served or answered, or that any damages claimed by it were allowed.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Royce & Cummins,* for Appellant.

*Olney, Chickering & Thomas,* for Respondent.

Belcher, C. C.—This is an action to recover damages for breach of warranties of a steam-engine.

The plaintiff had a mill in the city of San Francisco, in which he carried on the business of wool-scouring. The work in the mill was done by machinery, which was propelled by a steam-engine. The defendant was a manufacturer of steam-engines in the same city. The plaintiff had an old "slide-valve engine," and was informed that an automatic cut-off engine would save him a large amount of fuel

On or about the first day of May, 1884, defendant agreed to manufacture and sell to plaintiff, and plaintiff agreed to purchase from defendant, a twelve-by-twelve cut-off engine, to be used in plaintiff's mill; and the price to be paid for the same was $750 and the old engine.

The defendant manufactured the new engine and delivered it to the plaintiff on or about the first day of July, 1884, and the plaintiff then paid the defendant therefor the price agreed upon

The new engine was at once placed in the mill, and was used by plaintiff in running his machinery until the seventeenth day of October, 1884, when he offered to return it to defendant, because of its defects and failure to fulfill the warranties made by defendant, and demanded the return of the old engine and remuneration for all damages which he had sustained in consequence of defendant's failure to comply with his contract. The defendant refused to accede to this demand, and this action was afterwards brought.

It is alleged in the complaint that the engine, at the time of its delivery to plaintiff by defendant, was not sound and merchantable; that it possessed a latent defect, not disclosed to plaintiff, in this, that the valves thereof were leaky; that it was not reasonably fit for the purpose for which it was made, to wit, for the purpose of running plaintiff's wool-scouring machinery; that at the time of making the contract for the manufacture and sale of the engine, defendant warranted it to save plaintiff twenty-five per cent of his coal bills for running his machinery, and thereby induced plaintiff to enter into the contract; that the engine did not save twenty-five per cent in the coal bills, but, on the contrary, caused an increase in the coal bills of forty per cent; and that plaintiff had sustained damages by reason of the premises in the sum of two thousand five hundred dollars, for which he prayed judgment.

The court below found all the facts to be as alleged in the complaint, except that the damages sustained by plaintiff were fixed at sixteen hundred dollars; and for that sum judgment was entered in his favor.

In his statement on motion for new trial defendant specifies as not justified by the evidence,—1. The finding

that the contract price of the engine manufactured by defendant for plaintiff was one thousand dollars; 2. The finding that defendant warranted the engine to save plaintiff twenty-five per cent of his coal bills; 3. The finding that the engine increased plaintiff's coal bills forty per cent; and 4. The finding that plaintiff had sustained damages in the sum of sixteen hundred dollars. The other findings, in reference to the implied warranties, under sections 1768–1770 of the Civil Code are not questioned.

The question raised under the first specification is not material. Plaintiff testified that at the beginning of the negotiations defendant "stated that he would furnish one of his twelve-by-twelve automatic cut-off engines for $850 in money and my old engine, making one thousand dollars." Plaintiff afterwards offered $750 and his old engine, and, as defendant was to have six weeks in which to manufacture the new one, he agreed to accept the price offered. There is nothing to show what the old engine was worth, or what plaintiff estimated it to be worth, and we consider it quite immaterial whether the finding correctly fixed the contract price at one thousand dollars, or should have fixed it at nine hundred dollars.

As to the question raised under the second specification, it is enough to say that we think there was evidence from which the court might find the express warranty alleged. To create an express warranty, the word "warrant" need not be used, nor are any particular words necessary. Any affirmation made at the time of the sale as to the quality or condition of the thing sold will be treated as a warranty, if it was so intended, and the purchaser bought on the faith of such affirmation; and whether it was so intended, and the purchaser acted upon it, are questions of fact for the jury. (5 Wait's Actions and Defenses, 555; *Polhemus* v. *Heinman*, 45 Cal. 573; *Horton* v. *Green*, 66 N. C. 596.)

So as to the third specification. There was evidence

tending to show that the new engine consumed as much as forty per cent more coal than the old one in doing the same work. We cannot, therefore, say that this finding was not justified.

The law as to the damages which may be recovered in a case of this kind is declared in the Civil Code as follows:—

"Sec. 3313. The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time.

"Sec. 3314. The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined by the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

The plaintiff testified that he had "expended in money since the Ohmen engine was put in, in an attempt to make it do what it was wanted to do, $1,087.51," and it was admitted that the then present value of the engine was only $250.

It is claimed for the appellant that the plaintiff's testimony as to some of the items of his expenditures was indefinite and uncertain, and that some of the money alleged to have been expended by him ought not to be considered in estimating his damages. It is true, the testimony seems open to criticism, but the court below had a better opportunity to judge of its weight and worth than we have. The court evidently rejected some of the items, or the damages would have been placed at a higher figure than they were. We are not informed which items were rejected, or how the exact sum of sixteen hundred dollars was fixed upon; but looking at all the testimony, we cannot say that the court was not authorized to find as it did.

During the progress of the trial the plaintiff was permitted, against the objections of the defendant, to file a supplemental complaint, setting forth "that since the commencement of this action the said plaintiff, by reason of the breach of the warranties set forth in said complaint, has suffered damage in the further sum of $141.05," for which he prayed judgment.

Conceding that the court erred in permitting the supplemental complaint to be filed, still we are unable to see that defendant was prejudiced thereby. There is nothing to show that it was served or answered, or that any damages claimed under it were allowed. Besides, plaintiff was entitled, under his original complaint, to recover damages "for detriment resulting after the commencement" of his action. (Civ. Code, sec. 3283.)

Looking at the whole record, we find no sufficient cause for reversal of the judgment, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.