STANDARD OIL COMPANY OF NEW YORK, Appellant, *v.* PETER C. BOYLE, Respondent.

Fourth Department, December 2, 1930.

*Dorothy M. Anthony*, for the appellant.

*Francis W. Cullen*, for the respondent.

EDGCOMB, J. This action is brought to recover the purchase price of gasoline sold by plaintiff to defendant. The sale is not denied, but defendant seeks, by way of counterclaim, to offset against this indebtedness certain damages which he claims to have sustained by reason of the defective condition of a tank which was loaned him by the plaintiff for the purpose of storing gasoline. After the service of the original answer, appellant's motion for summary judgment was granted. Respondent took advantage of the permission which was given him to serve an amended answer. The two pleadings are similar, except as to certain allegations relat-

ing to defendant's counterclaim. Plaintiff again moves for summary judgment. The former decision is not decisive here, as the present motion is addressed to the issues raised by the second answer.

If the amended answer raises any real or substantial issue, either by denials, new matter or counterclaims, such issue must be determined by a jury, and summary judgment should be denied. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Gravenhorst* v. *Zimmerman*, 236 id. 22; *General Investment Co.* v. *Interborough Rapid Transit Co.*, 235 id. 133.)

The counterclaim on its face sets forth a cause of action against the plaintiff which tends to diminish or defeat plaintiff's recovery. The tank which was installed by plaintiff on the premises of the defendant, and which was loaned to him under the equipment loan agreement, was to be used for the purpose of storing gasoline. Plaintiff impliedly warranted that it was reasonably fit and suitable for such purpose. Such warranty is not confined to sales; it exists in cases of bailment. (*Matter of Casualty Co.* [*Bliss Co. Claim*], 250 N. Y. 410, 416, 417; *Hoisting Engine Sales Co.* v. *Hart*, 237 id. 30.)

If there was a breach of such implied warranty, plaintiff would be liable for the damages which accrued by reason thereof, unless released by agreement or otherwise.

In the equipment loan agreement which was made by the parties, the defendant stipulated to accept said tank, and to exonerate, save harmless, protect and indemnify the plaintiff " from any and all losses, damages, claims, suits or actions at law, or otherwise, judgments and costs, which shall arise or grow out of any injury to persons or property, * * * caused by or resulting from * * * leakage * * * from said tank or equipment, or any part thereof, whether caused by imperfect construction, or due to the negligence of either party, or otherwise." We construe this clause as applying to loss or damage sustained by third parties only. If that be so, this contract does not exempt the plaintiff from any damages which the defendant personally sustained because of the leakage of gasoline stored in the tank in question.

If the defendant, when he put gasoline into this tank, knew that it was defective, he had no right to take that hazard, and he cannot recover from the plaintiff because of the breach of any implied warranty. (*Huber* v. *Ryan*, 57 App. Div. 34, 37.)

One of the issues to be determined in this action is the date when the defendant discovered that the tank in question was defective. Notwithstanding the positive statement which he made under oath on three separate occasions, once in his original answer, again in his bill of particulars, and later in his affidavit used in opposition

to the first motion for summary judgment, that during the year 1927 he learned that a considerable portion of the gasoline purchased by him and stored in the tank in question was leaking, and that he gave plaintiff notice of that fact in December of that year, he now alleges in his amended answer that it was not until July, 1929, that he discovered that the tank in question was defective, although he still admits that during the years 1927 and 1928 he knew that he was reselling considerably less gasoline than he was purchasing from the plaintiff. These admissions will be competent evidence upon the trial, as bearing on the issue of when respondent knew that the tank leaked. (*Ficklen Tobacco Co.* v. *Friedberg,* 196 App. Div. 409, 412; *Crombie* v. *Illinois Surety Co.,* 181 id. 787; *Cook* v. *Barr,* 44 N. Y. 156.) They are not sufficient, however, to warrant a total disregard of the allegations in the amended answer.

If we accept as binding the admissions of defendant as to his knowledge of the defective condition of this tank in 1927, still the exact date in that year when such discovery was made is not stated. As plaintiff commenced delivering gasoline to defendant on May 26, 1927, and continued during that and the succeeding years, it is quite possible that some of the alleged loss occurred before the leak was discovered by respondent. If so, he would not have assumed the hazard of putting gasoline in the tank prior to the date of such discovery.

We think that there are issues here which cannot be disposed of in the summary way requested, and that the case should follow the usual course.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.