[L. A. No. 15849. In Bank.—September 15, 1936.]

EDWARD S. SHATTUCK, as Special Administrator, etc., Respondent, v. ST. FRANCIS HOTEL AND APARTMENTS (a Corporation) et al., Defendants; FANNIE B. SHERFY et al., Appellants.

Chase, Barnes & Chase for Appellants.

Edward S. Shattuck, *in pro. per.,* and Shattuck, Davis & Story for Respondent.

WASTE, C. J.—Adoree Neville, who instituted this action, died during the course of the litigation. A special administrator of her estate has been substituted in her place, but, in the use of the word "plaintiff" herein, our reference will be to the deceased.

The appealing defendants are the owners and operators of the St. Francis Hotel and Apartments in Los Angeles. Plaintiff visited the hotel and interviewed the manager relative to securing accommodations in the building. She was shown several apartments, and finally looked at a furnished room which was equipped with a wall-bed. Plaintiff told the manager that "she never did care for any folding-beds; she did not think they were comfortable and they were not safe." The manager assured her, and proceeded to demonstrate, that the wall-bed in question was different from other beds she had known, and stated to her in sub-

stance that she would not have any trouble at all with it; it was just as safe and comfortable as any bed she had ever had or slept in; she would not have any trouble in sleeping. On receiving this assurance on the part of the manager, plaintiff rented the room. Subsequently, while plaintiff was lying on the bed, three screws which held the upper bracket of the bed to the door jamb broke, and the frame and head of the bed dropped on plaintiff's face, seriously injuring her. In the action to recover for the injuries thus received, the jury awarded plaintiff damages. From the judgment entered on the verdict, this appeal was taken.

■ The complaint, as filed, purported to contain three separate causes of action. At the conclusion of the testimony, and on motion for nonsuit, defendants moved the court to dismiss each of the plaintiff's three alleged causes. After due consideration, the court dismissed the third cause of action charging the defendants with negligence. No appeal was taken from the judgment entered dismissing this cause. Because of this dismissal, the appellants urge that there is nothing in the cause remaining tending to impose any liability on them. It is conceded, however, that the theory of the second cause of action was a breach of a warranty, and that this theory was recognized by the trial court, and the trial proceeded on that issue. The judgment of dismissal as to the third cause of action is, therefore, immaterial so far as concerns the appeal from the judgment entered on the implied finding that there was a warranty of fitness for use.

■ The second cause of action was based on the theory, and it was alleged, that the plaintiff rented from defendants a furnished room containing the wall-bed, and at the time of the transaction the defendants represented to plaintiff that the bed was safe and secure and in fit condition, which representation plaintiff relied on; that the bed was not at said time in a safe, secure and fit condition, but was defective and unsafe, a fact known to the defendants but unknown to the plaintiff, and that as a result of the defective condition the bed collapsed, injuring plaintiff; that by said representations, in the renting of the furnished apartment, there was a warranty that the furniture in the room was fit for use and occupation; and that therefore

the defendants are liable for all damages caused by vices and defects therein.

The fact that the plaintiff visited the room and inspected its furnishings does not, in our judgment, change the rule of responsibility. She had the right to assume that the landlord knew and had means of knowing that everything required for ordinary use and occupancy was free from any fault inconsistent with the proper use and enjoyment of the room. ■ The fact that the word "warrant" was not used in the conversation between the manager of the hotel and the plaintiff is an immaterial matter. (*McLennan* v. *Ohmen*, 75 Cal. 558, 561 [17 Pac. 687].) Sufficient affirmation was made at the time of the renting as to the condition of the wall-bed to act as a warranty. The surroundings indicate it was so intended, and that plaintiff rented the room on the faith of such affirmations. Whether it was so intended and plaintiff acted on it were questions for the jury. There was evidence from which it might find there was an express warranty. (*Hodgkins* v. *Dunham*, 10 Cal. App. 690 [103 Pac. 351].) By its verdict, the jury having found for the plaintiff, its finding is conclusive.

The judgment is affirmed.

Thompson, J., Shenk, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.