[Civ. No. 1696.   Fourth Appellate District.—February 10, 1938.]

JOHN B. ADAMS et al., Appellants, v. DOW HOTEL et al., Respondents.

Carpenter, Babson & Fendler, Horace P. Babson and Harold A. Fendler for Appellants.

Randall & Bartlett and Kenneth W. Kearney for Respondents.

MARKS, J.—Plaintiffs brought this action to recover damages for injuries sustained by John B. Adams to both hands which were cut when the porcelain handle of the hot water faucet of a bathtub broke when he was attempting to turn off the water. Judgment went for defendants and plaintiffs have appealed.

G. Walter Dow was the owner and operator of the Dow Hotel in Lone Pine, California. Dow Hotel is merely the name of the hotel operated by G. Walter Dow. Hereafter we will refer to him as the defendant.

On March 7, 1936, plaintiff John B. Adams became a guest of the hotel and was assigned a room with bath. The accident happened during the late evening of that day, without warning, the porcelain handle of the faucet breaking when Adams attempted to turn off the hot water. One large piece, about one and one-quarter inches long by three-quarters of an inch wide, and some other smaller pieces broke from the handle. The broken porcelain showed a dark mark between one-half and one inch long where the large pieces fitted together.

There is evidence that the porcelain on handles of hot water faucets will crack due to expansion caused by heat; that a porcelain handle with a crack in it one-half an inch long would be unsafe because of its liability to break under the pressure of turning off the water.

On behalf of defendant it was proved that no porcelain handles had broken before the one in question; that the handle was of a standard make; that the room and bath occupied by plaintiff had been inspected almost daily, and twice on March 7, 1936, and nothing had been found out of order.

The findings of fact contain the following:

"The court finds that it is true that on the 7th day of March, 1936, one of the fixtures in the bathroom rented to the plaintiff John B. Adams, to-wit, the right porcelain handle affixed to the bath tub, was in a dangerous and unsafe condition, and that the dangerous and unsafe condition of said right porcelain handle affixed to said bath tub was wholly unknown to said plaintiff and was wholly unknown to the defendant. The court further finds that at all times the defendant exercised reasonable care in the maintenance and operation of said hotel and the rooms, furniture, fixtures, bathroom equipment, appliances and accessories in connection therewith.

"The court finds that it is not true that defendant negligently or carelessly maintained or operated his premises or the bath room rented by the plaintiff John B. Adams. The court further finds that the right porcelain handle affixed to the bath tub, in the bath room adjoining the bedroom rented said plaintiff, did on the 7th day of March, 1936, break off and splinter in said plaintiff's left hand, and while said plaintiff was using said handle and said bath tub in a reasonable manner and for the use for which it was intended.

"The court further finds that it is not true that by reason of any negligence of the defendant, that plaintiff John B. Adams was hurt in his health, strength or activity, or received any of the injuries described in plaintiff's complaint.

"The court finds that it is true that plaintiff John B. Adams suffered a severe and permanent injury to his left hand, and further finds that said injury was sustained by the said plaintiff through no fault or negligence on his part, and without any fault or negligence on the part of the defendant, or any of his agents, servants or employees."

The first question presented here is the duty owed by an innkeeper to his guests. In *Robertson* v. *Weingart,* 91 Cal. App. 715 [267 Pac. 741], it is said:

"The general rule is, that it is the duty of a hotelkeeper to keep his buildings and premises in a condition reasonably safe for his guests."

In *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462], the Supreme Court said:

"The innkeeper owes the duty of at all times maintaining his hotel premises in a reasonably safe condition, and of exercising reasonable care to protect them (guests) while in the hotel and in the part thereof open to the public, from per-

sonal injury through his negligence.'' (See, also, *Topley* v. *Zeeman*, 216 Cal. 182 [13 Pac. (2d) 666] ; *McStay* v. *Citizens Nat. T. & S. Bank of Los Angeles*, 5 Cal. App. (2d) 595 [43 Pac. (2d) 560].)

The findings in this case present a rather unusual situation. From those we have quoted the trial judge evidently concluded that the porcelain handle was in an unsafe and dangerous condition; that it broke and injured Adams while he was using it in a reasonable and careful manner for the purpose for which it was intended; that Adams was not guilty of contributory negligence. On the other hand, it was found that defendant used reasonable care in the maintenance and operation of his hotel and bathroom equipment, appliances and accessories which certainly includes the porcelain handle in question. It was further found that Adams was not injured through any fault or negligence on the part of Dow or his servants, agents or employees.

These findings compel the conclusions that the bathroom had not been maintained in a condition reasonably safe for guests; that this condition was unknown to defendant; that this condition could not have been ascertained by a reasonably careful inspection which was actually made. In no other manner can we harmonize the findings of the dangerous condition of the porcelain handle with the finding of lack of negligence on the part of defendant.

An innkeeper is not an insurer of the personal safety of his guests. (14 Cal. Jur. 325.) He is only liable for injury caused by his negligence. (*Goldstein* v. *Healy, supra.*) Negligence implies lack of due care. As defendant had no actual knowledge of the defect in the porcelain handle the due care required of him would seem to have been the duty of making careful and frequent inspections of the bathroom in a careful endeavor to discover any defective condition that would cause an injury to a guest. The trial court was of the opinion that such an inspection had been made and that consequently defendant had used due care in the operation of his hotel and in the maintenance of the bathroom fixtures.

A decision on the question of the exercise of due care, in other words, the negligence of defendant, is one within the sound discretion of the trial judge. He having exercised such discretion, his findings will not be disturbed on appeal unless there is an entire lack of evidence or reasonable in-

ferences to be drawn from the evidence to support his conclusions. In the instant case we cannot conclude that the questioned findings lack all evidentiary support. That being the case, the judgment cannot be reversed.

The judgment is affirmed.

Barnard, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 9, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1938.