**J. C. PENNEY COMPANY, a Corporation,
Appellant,**

v.

**William J. LIVINGSTON, Jr., by his father
and next friend, William J. Livingston,
Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

John E. Shepard, Covington, for appellant.

Odis W. Bertelsman & Morris W. Weintraub, Newport, for appellee.

COMBS, Justice.

William J. Livingston, Jr., age 22 months, who resided with his parents in Newport, sustained an injury to his right hand while riding on an escalator in a J. C. Penney Store in Cincinnati, Ohio. In this action filed in his behalf by his father, the jury returned a verdict for plaintiff in the amount of $10,000. The Company has appealed.

A brief résumé of the facts is necessary. Plaintiff's sister, age 14 took him with her from Newport to Cincinnati and the children went into defendant's store to buy a shirt for plaintiff. They rode to the fourth floor on an' escalator and were descending by the same method when plaintiff was injured. The accident occurred between the third and second floors. Plaintiff's sister testified she was holding her brother's left hand in her right hand when suddenly he "hollered." She saw then that his "hand was caught in the step behind him." No one could explain how the child's hand got caught. Plaintiff relied for recovery on the principle of res ipsa loquitur.

The escalator had been installed by the Otis Elevator Company in 1946. It is operated by an electric motor concealed beneath the floor. The parts of the escalator exposed to the public are the steps, which flatten out to nearly a smooth surface at the floor level, and the hand rail. The clearance between the outside edges of the steps and the side of the escalator is supposed to be not more than $\frac{3}{32}$ of an inch. The escalator is started and stopped in the morning and at night by an employee of the store.

The Company contends that plaintiff has pleaded negligence in specific terms, and that in order to recover he must prove the specific acts charged. The basis of this contention is the statement in plaintiff's amended petition that:

"* * * The defendant was negligent and careless in installing, maintaining and operating said escalator in such manner and so equipped that injuries suffered by the plaintiff, as alleged in the petition, could be suffered by him when using said escalator * * *."

However, this statement was preceded by this:

"* * * the plaintiff does not know and therefore cannot allege which or what mechanical defect in said escalator or the operation of same caused his injury as alleged in the petition * * *."

We do not regard this as a plea of specific acts of negligence.

The allegations, when considered together, amount merely to a statement that plaintiff did not know what caused his injury but that defendant was negligent in installing, maintaining and operating the escalator.

Even if the petition did allege specific acts of negligence in addition to the plea of res ipsa loquitur, plaintiff would not for that reason be deprived of the benefit of the doctrine. He would still be entitled to the benefit of the doctrine to the extent it might tend to establish the particular acts of negligence alleged. Wallace v. Norris, 310 Ky. 424, 220 S.W.2d 967; Kroger Grocery & Baking Co. v. Stevenson, Ky., 244 S.W.2d 732.

The main question is whether this is a res ipsa loquitur case. Defendant insists it is not.

In line with the weight of authority, this court has held that the principle of res ipsa loquitur may be invoked only when there are present three essential elements: (1) the instrumentality must be under the control of the defendant; (2) the circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened if the defendant had not been negligent; (3) the plaintiff's injury must have resulted from the accident. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974.

We conclude that all three elements are present here. Admittedly, the escalator was under the control of the defendant, and admittedly plaintiff's injury resulted from the accident.

That brings us to the crucial question: Do the circumstances, according to common knowledge and experience, create a clear inference that the accident would not have happened if the defendant had not been negligent? We think they do. Defendant's escalator was maintained for the benefit of its customers and they were impliedly invited to use it. It is common knowledge that children, and especially young children, are attracted to an escalator, and that they oftentimes ride unaccompanied by their parents or custodian. It is also common knowledge that the ordinary escalator is completely safe even for small children, and that thousands of children ride them daily without injury or danger of injury. Yet, in this case it is established that plaintiff's hand was caught in the machinery of the escalator while he was riding where he was expected to ride. It seems to us this creates a logical inference that there was a defect in the escalator which made it unsafe for small children; and if the escalator was unsafe for children to use, then the defendant was negligent in making it available to children.

We have not overlooked the testimony for the defendant that the escalator was built and installed according to specifications and was properly maintained and operated. We also take cognizance of the testimony that a subsequent inspection of the escalator revealed no structural defects or errors in installation or maintenance. This testimony made an issue for the jury and it was for the jury to decide whether it convincingly rebutted the inference of negligence created by the manner in which the accident and injury occurred.

It is suggested that since the accident occurred in Ohio it is incumbent upon us to give effect to the laws of Ohio. We are unable to see how this could change the picture of this case. From our examination of the Ohio cases we are unable to discern any significant difference between the Ohio law and the Kentucky law on the subject of res ipsa loquitur.

It is also insisted that the verdict is excessive and, as is usual where the verdict is liberal, this is a troublesome question. Plaintiff sustained these injuries: traumatic amputation of the first joint of his index finger; compound fracture of the middle finger, with some resulting ankylosis; and less serious injuries to the third and little fingers. Defendant cites a number of cases of this court in an effort to demonstrate that the damages are excessive. We note that most of them are older cases. Although the rule remains the same, this court in recent years has been constrained to adopt a more liberal unit of measurement in determining whether a verdict for personal injuries is excessive. In considering a previous award as a guide for determining the propriety of a present verdict, the amount, for purposes of comparison, must be adjusted so as to compensate for intervening changes in the value of money. Recognition of the increased cost of living or the impaired purchasing power of the dollar must of necessity be considered. The value of the sum awarded must be measured not by the number of dollars, but by its comparative use in obtaining the necessities of life. Craw-

ford v. Alexander, Ky., 259 S.W.2d 476; Annotation 12 A.L.R.2d 621. It has always been recognized, of course, that disability to the human body with the attendant pain and suffering cannot be measured in dollars and cents. The best that a jury or a court can do is to arrive at a fair approximation based on common experience and knowledge. That is especially true as regards injuries to a child whose course in life has not been charted, and whose potential earning capacity has not been established. The plaintiff here was only 22 months old at the time of his injury. All of the opportunities available to an American boy were his. It is difficult even to estimate how the disfigurement and loss of the use of his right hand will affect his future. The law places upon the jury the duty to fix damages in a case of this sort. We are authorized to reverse the jury only when the verdict is clearly excessive. We cannot say that this verdict is clearly excessive.

The judgment is affirmed.