297 P.2d 221

Mayme MOORE, Plaintiff and Respondent,

v.

George R. JAMES and Mary James, his wife, Defendants and Appellants.

No. 8255.

Supreme Court of Utah.

April 28, 1956.

Ray, Quinney & Nebeker, Grand Aadnesen, Salt Lake City, for appellants.

Rawlings, Wallace, Roberts & Black, Robert W. Hughes, Salt Lake City, for respondent.

COWLEY, District Judge.

Plaintiff brought this action to recover damages for personal injuries caused when a corner leg of a bathtub collapsed allegedly causing her to fall backward and out of the bathtub to the floor of the bathroom. She was still in a standing position preparatory to taking a sitting position in the tub when the leg collapsed. The bathtub in question was old in style containing four legs which held the bathtub about 4 inches from the floor. The legs were of metal and fit by flange and groove tapered to form a wedge that tightens itself as it is pushed in. A screw and screw insert was on the under or floor side and rear of the leg. The screw was to tighten the tension on the legs and prevent the leg from slipping in and out. After the accident it was discovered that the screw was loose and the leg had slipped out. The accident occurred at defendants' hotel located at 242 West South Temple, Salt Lake City, Utah on the night of August 29, 1950.

The case was submitted to the jury on the theories of implied warranty and negligence. The jury returned a verdict of no cause of action and judgment was entered accordingly. The plaintiff filed a motion for new trial and, after argument, the court denied plaintiff's motion upon all of the grounds except one, the court granting a new trial "on the error of the court in failing to direct a verdict of liability for the plaintiff on implied warranty." This court granted defendants an interlocutory appeal from this ruling.

The trial court submitted the theory of implied warranty to the jury as a factual question which was the error the trial judge recognized and tried to correct. We agree that the doctrine of implied warranty arises by operation of law and whether or not it exists is for the court and not the jury to decide, 46 Am.Jur. page 513, Sec. 332, but the serious question to be decided

on this appeal is whether or not the doctrine of implied warranty is applicable to an innkeeper-guest case such as we have here. Defendants contend the implied warranty doctrine is not applicable to an innkeeper-guest case but must be based solely upon the theory of negligence.

Our Utah decisions involving the innkeeper and guest relationship were presented on a negligence theory only, Carpenter v. Syrett, 99 Utah 208, 104 P.2d 617; Moore v. Miles, 108 Utah 167, 158 P.2d 676; Brooks v. Utah Hotel Co., 108 Utah 220, 159 P.2d 127, therefore the Utah cases do not rule out the possibility of the theory of implied warranty. This court has never before had the question presented to it as to whether or not implied warranty will lie in such a case as the case at bar. This question is novel and new in this jurisdiction.

■ The doctrine of implied warranty is not one of the contractual elements of the contract but is imposed by law and annexed to the contract because of the acts of the parties, and the doctrine in personal injury cases was first developed in the law of sales, 2 Vanderbilt Law Review, pages 675, 676. Later the doctrine was extended to the law of bailments, Standard Oil Co. of N. Y. v. Boyle, 231 App.Div. 101, 246 N.Y. S. 142, and now plaintiff seeks to extend and apply the doctrine to an innkeeper-guest case.

The parties were unable to find and submit any cases which applied the doctrine of implied warranty to the innkeeper-guest relationship, and we have been unable to find any, however, plaintiff submitted for our consideration three cases, one by implication, and two by analogy.

In the first case, Shattuck v. St. Francis Hotel and Apartments, 1936, 7 Cal.2d 358, 60 P.2d 855, 857, a wall bed collapsed seriously injuring the guest. The manager of the hotel at the time of the renting assured the guest that the folding bed was "as safe * * * as any bed she had ever had or slept in" and the Supreme Court of California held that the language of the manager was sufficient to present a jury question of "express" warranty and the court affirmed the jury's verdict for the plaintiff. When the same case was before the District Court of Appeal, Second District, an intermediate court of appeal, the court held that the first count of plaintiff's complaint which alleged breach of implied warranty was not valid for the reason that plaintiff had inspected the folding bed prior to the renting and that the hotel owner was not therefore liable on an implied warranty. From this ruling and what was said by the court plaintiff suggests that by implication California would recognize the breach of implied warranty in cases such as the one at bar. Counsel was, however, unable to find any subsequent California cases to support his argument and as far as we know subsequent California cases were tried on negligence theory only, one such is Adams v. Dow Hotel, 1936, 25 Cal.App.2d 51, 76 P.2d 210.

The two implied warranty cases submitted for our consideration by analogy are Cushing v. Rodman, 1936, 65 App.D.C. 258, 82 F.2d 864, 104 A.L.R. 1023; and an English case, Silverman v. Imperial London Hotels, Ltd., (K.B.1927), 137 L.T.R. 57, 43 T.L.R. 260.

The Cushing case is one where the plaintiff ordered a "roll" at a lunchcounter and when he took a bite into it, his tooth was broken. The roll contained a pebble. The lunchroom proprietor purchased the roll elsewhere and could not have inspected it without destroying its marketability. There could be no possibility of negligence in this case and was not plead. Plaintiff recovered on the theory of breach of implied warranty. The court, after an exhaustive examination of breach of implied warranty cases, not including innkeeper cases, said [82 F.2d 868]: "we think the better view is that which bases liability upon breach of an implied warranty, rather than upon negligence only."

The English case involved a Turkish bath. The plaintiff rested on a cot which was part of the procedure of the bath and suffered bug or insect bites. The plaintiff sued on breach of implied warranty and negligence. The court found that defendant's baths were extremely well constructed and managed, ruled out negligence, and allowed recovery on the theory of breach of implied warranty.

The English "Turkish bath" case recognized the hardships of proving negligence but emphasized the contractual relationship of the parties, and the American "roll" case while also recognizing the contractual relationship, although not technically a sale or bailment, stressed more the hardship and burden placed upon plaintiff to prove negligence if he is required to rely on theory of negligence only. Both cases have their similarity in the contractual relationship of the parties and either in the absence of negligence or impossibility of proof of negligence. The case at bar has its similarity with the two cases cited only in the contractual relationship. They are dissimilar in the absence of or impossibility of proof of negligence which the American Cushing case stressed in its decision as an impossible burden on the plaintiff even in a situation where a "dispenser of food" prepares it.

To adopt the rule of breach of implied warranty in the case at bar would extend the rule further than courts have heretofore done and would make the innkeeper an insurer of the guest's safety, thereby eliminating the necessity of proving lack of due care or negligence on the part of the innkeeper. The difficulty of proving negligence in this case is not as apparent or real as in the English and American cases cited above, and it is doubtful that either of said courts would have extended the warranty doctrine to the factual situation of the case at bar.

We prefer to follow the long established doctrine that the duty of the innkeeper is to keep his hotel premises in a

reasonably safe condition for his guests and that he must exercise reasonable care to protect his guests from personal injury, and not to make the innkeeper an insurer of his guests' safety. See Utah cases cited above. We hold, therefore, that the trial court erred in granting plaintiff a new trial on theory of implied warranty.

Inasmuch as we have ruled out the theory of implied warranty it is necessary for us to consider plaintiff's two assignments of error, properly excepted to by the plaintiff, namely, (1) the trial court's refusal to grant plaintiff a new trial for its failure to submit the doctrine of Res Ipsa Loquitur to the jury, and (2) the trial court's refusal to grant plaintiff a new trial on the ground that the verdict was contrary to the overwhelming weight of the evidence.

■ The trial court refused to grant and submit to the jury plaintiff's proposed instruction which embodied the res ipsa loquitur rule on the ground that the bathtub in question was not under the exclusive control of the defendants. The rule, when applicable, gives rise to an inference of negligence which carries the plaintiff's case past a nonsuit, and is applicable when: (1) The accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care, (2) the instrument or thing causing the injury was at the time of the accident under the management and control of the defendant, and (3) the accident happened irrespective of any participation at the time by the plaintiff. For an able discussion of the rule of Res Ipsa Loquitur, see Gow v. Multnomah Hotel, Or.1950, 224 P.2d 552, together with cases and texts therein cited.

■ The trial court must determine the applicability of the rule at the close of plaintiff's case, when the sufficiency of the evidence is challenged by a motion for nonsuit. If, at that time the evidence eliminates the plaintiff as the responsible cause of the accident, and if the other requirements of the rule are satisfied, then the court must deny the motion for nonsuit and the rule applies. This does not preclude the defendant from raising the issue of contributory negligence in this case. The question of liability would still be for the jury under proper instructions, Gow v. Multnomah Hotel, above.

The trial court in the case at bar apparently believed that the plaintiff's temporary use of the bathtub or "participation" removed the bathtub from the management and control of the defendants. True, the leg would not have collapsed had no one used the bathtub, but defendants had at all times the ownership, management, and control of the bathtub, and had full opportunity to inspect the bathtub and ascertain its actual defective condition. Plaintiff, on the other hand, had the right to assume the bathtub would be free from defects that might cause injury, except as to obvious defects and was under no duty to inspect prior to using. In the Gow case, above, the plaintiff sat on a stool at a lunchcounter which collapsed injuring him. This case is directly in point with the case at bar. The

court held the doctrine of Res Ipsa Loquitur applied and plaintiff recovered.

We are of the opinion that the defendants had the responsible control of the bathtub and legs supporting it which caused plaintiff's injuries in this case; that the accident was of a kind which, in the ordinary course of events, would not have happened if the defendants had used due care; and that the evidence excluded the plaintiff as a responsible cause. It may be fairly said, therefore, that there was an inference of negligence on the part of the defendants when the leg collapsed, and we hold that the court's refusal to submit the doctrine of res ipsa loquitur to the jury was error.

Whether the error of the trial court in this respect was prejudicial to her cause deserves our attention. Plaintiff proved a specific act of negligence by calling a maid as a witness who testified that she had pushed another leg out of its groove once or twice on the same bathtub when cleaning under the tub with a mopstick and had pushed it back in with her hand, and then had reported it to the defendant, George R. James, who promised to fix it. Primarily based upon this testimony of the maid on the specific allegation of negligence the case got past the nonsuit. Defendants later denied the maid's testimony and further testified as to their maintenance and inspection of the bathtub which consisted merely of mopping the linoleum occasionally in the bathroom around and under the tub, and the case was submitted to the jury on the conflict of evidence presented by the maid's testimony. Undoubtedly the jury believed defendants' testimony in finding a verdict of "no cause for action," but in addition to the maid's testimony which was disputed, the plaintiff was entitled to have the jury draw the natural and normal inferences from the "happening of the event" as permitted under the rule, even though they disbelieved the maid's testimony. If the jury did in fact disbelieve the maid's testimony as they must have done, then it was not necessary for them to consider and weigh the defendants' testimony as to their inspection and maintenance of the bathtub and legs thereof which was given by way of explanation, as the jury was precluded from drawing an inference of negligence since the rule was not submitted. The court's refusal to instruct the jury on the rule of res ipsa loquitur, therefore, unduly restricted the right of the jury to decide questions of fact.

Plaintiff also called in her main case two plumbers who testified as to their findings in respect to the leg and screw insert of the bathtub after the accident occurred. The plumbers' testimony was of little or no help in the causation of the accident without drawing an inference of negligence from the "happening of the accident" as allowed by operation of the rule under discussion.

In the court's instruction No. 2 the jury was charged that "the mere fact that an accident happened * * *, is not to be taken by you as any proof that plaintiff is entitled to a verdict in this case."

"Negligence is never presumed * * *."

In the first quoted sentence of instruction 2 the jury was told that the happening of the accident "was not any proof" that plaintiff is entitled to a verdict or in other words was not any proof of negligence, which is inconsistent with the res ipsa rule; and the word "presumed" in the second quoted portion of said instruction by its dictionary definition means "assume" or "to take for granted" which had the effect of again telling the jury that they could not draw an inference of negligence from the happening of the accident, which was also contrary to the rule.

Instruction No. 2 in its entirety is a correct statement of the law in a case where the rule of res ipsa loquitur is not applicable, but where as here the rule is applicable the quoted portions of instruction No. 2 had the effect of aggravating the error, as it precluded the jury from drawing an inference of negligence from the "happening of the event" and considering said inference of negligence in light of the explanation of inspection and maintenance of the bathtub made by the defendants.

We are of the opinion that the court's refusal to instruct the jury on the res ipsa loquitur rule and the error of the court's instruction No. 2 was prejudicial to the plaintiff's cause of action.

As to plaintiff's assigned error that the trial court should have granted plaintiff a new trial on the further ground that the verdict was contrary to the overwhelming weight of the evidence, requires but little discussion since this case is to be remanded for a new trial.

It is sufficient to say that the disputed evidence of the maid pertaining to another defective leg on the same bathtub and charging defendants with the knowledge of the defective condition by her alleged communication was a jury question, and defendants' due care or lack of due care in the inspection and maintenance of the bathtub, particularly the legs thereof, also presented jury questions of ultimate fact of negligence. The trial court properly denied plaintiff's motion for a new trial on this ground.

The case is remanded for new trial based upon the theory of negligence only, making applicable the rule of Res Ipsa Loquitur, and eliminating from the case the theory of breach of implied warranty.

Plaintiff is granted costs.

CROCKETT and WADE, JJ., concur.

HENRIOD, Justice (concurring and dissenting).

I concur with that portion of the main opinion having to do with the implied warranty question, but dissent from that which treats the res ipsa loquitur phase of the case.

The defendant was charged with negligence, and the facts upon which such negli-

gence was claimed were presented in evidence. The jury found defendant was *not* negligent, and how, under such circumstances an inference of negligence under the res ipsa loquitur rule, or how that rule itself, could change that basic fact, is difficult for this writer to understand. There was direct evidence as to the precise cause of the injury and the facts attending the occurrence appeared in this case. In such event the doctrine is inapplicable,[1] and the language of Sec. 299 of 38 Am.Jur. 995, is apropos when it says that "Where all the facts attending the injury are disclosed by the evidence, and nothing is left to inference, no presumption or inference can be indulged, and the doctrine of res ipsa loquitur has no application."

To send this case back for a new trial because the court did not instruct as to res ipsa loquitur, under the circumstances of this case, is, in the opinion of this writer, not only an unwarranted sanction for plaintiff, the loser, to take another whack at the defendant, but is to call on the res ipsa loquitur rule to apply in a case where it is inapplicable, and where the facts showing cause and effect have been presented to and held by the jury not to constitute negligence on the part of defendant.

McDONOUGH, C. J., concurs in the views expressed by Mr. Justice HENRIOD.

WORTHEN, J., does not participate.

1. 38 Am.Jur. 992, Sec. 296, Negligence.