404 P.2d 248

Selanie SANONE, by and through her guardian ad litem, John G. Sanone, Plaintiff and Respondent,

v.

J. C. PENNEY COMPANY, a corporation, Westinghouse Electric Corporation, a corporation, and *Elevator Service & Supply Company,* a corporation, Defendants and Appellants.

No. 10047.

Supreme Court of Utah.

July 22, 1965.

---

Ray, Quinney & Nebeker, Salt Lake City, for appellants.

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for respondent.

McDONOUGH, Justice.

Selanie Sanone, a two and one-half year old girl, sued (by her parents) for injuries suffered on the escalator in the defendant's store in downtown Salt Lake City. From a jury verdict for the plaintiff in the sum of $12,500 defendant appeals.

On the afternoon of June 29, 1961, Mrs. John G. Sanone had Selanie with her shopping on the second floor of defendant's store. As they stepped on the descending escalator, she took Selanie's hand and the little girl stood beside her. Halfway down Selanie cried, "Mommy, my foot is caught" and her mother instinctively pulled her up into her arms. It was found that the skin and muscle tissue of Selanie's leg had been severely torn. She was immediately taken to the hospital and treated. From the evidence and the pictures, there appears to be a deep and severe laceration and scarring of the leg from just below her knee to just above her ankle.

Due to the nature of an escalator it was impossible for the plaintiff to know or to show just what caused her injury. The trial court submitted the case to the jury on the doctrine of res ipsa loquitur. This is the principal error charged by the defendant.

■■ It is common knowledge that escalators are widely used in public buildings, particularly in department stores, and that thousands of people, including children, use them daily without injury. It is certainly not unreasonable for one to assume that it is safe to use them in the manner and for the purpose for which they were intended. Nor does it depart from reason to draw the inference that if an escalator is so used and an injury occurs there was something wrong in either the construction, maintenance, or operation of the escalator.[1]

■■ The effect of the doctrine of res ipsa. loquitur is to authorize the jury to draw an inference of negligence where such circumstances exist. Inasmuch as the escalator was under the exclusive control of the defendant, the test for the application of the doctrine is fulfilled.[2]

There is further complication in this case in the fact that the trial court submitted to the jury some special interrogatories, the answer to one of which defendant now con-

1. For a clearly stated case closely analogous on the facts so holding see: J. C. Penney Co. v. Livingston, Ky., 271 S.W.2d 906. The escalator cases cited by the parties and most escalator cases decided in sister states have involved children getting their fingers caught in the escalator, ladies getting their heels caught in the escalator, and people being thrown down when the escalator jerked. Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964;

J. C. Penney Co. v. Eubanks, 10 Cir., 294 F.2d 519; Reynolds v. May Dept. Stores Co., 8 Cir., 127 F.2d 396; Kataoka v. May Dept. Stores Co., 60 Cal.App.2d 177, 140 P.2d 467.

2. Lund v. Mountain Fuel Supply Co., 15 Utah 2d 10, 386 P.2d 408; Moore v. James, 5 Utah 2d 91, 297 P.2d 221; c. f. Jensen v. S. H. Kress & Co., 87 Utah 434, 49 P.2d 958.

tends is inconsistent with the general verdict. It is the opinion of this court that these various interrogatories would have been confusing to the jury and of little value to the trial court or to this court in passing upon the validity of the verdict. Sparing the necessity of setting them forth or discussing them in detail, the defendant's contention can be disposed of by these observations.

■ Once the proper foundation for the application of res ipsa loquitur was established, that was a sufficient basis for submitting the case to the jury and for the finding of a verdict. The fact that in response to special interrogatories the jury failed to find any specific negligence will not defeat the general verdict. It is plain that if the jury were required also to find specific acts of negligence, the doctrine of res ipsa loquitur would be nullified and could just as well be eliminated from the case.

■ A second observation is also pertinent: the jury's general verdict is not necessarily defeated by a showing on the part of the defendant that it did not know the cause of the accident. It would be defeated only if the jury were sufficiently persuaded by the evidence of non-negligence of the defendant that they refused to render the general verdict, which is not the situation shown here.

■ One further point requires mention. Defendant also contends that if this verdict be affirmed, that it should be allowed its third-party complaint against the Elevator Service and Supply Company, which was dismissed without prejudice in the lower court. With this proposition we agree.

Affirmed. Costs to plaintiff (respondent).

CROCKETT and WADE, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I dissent. The plaintiff abandoned its claim of negligence, and relied solely on the so-called "res ipsa loquitur" doctrine. This doctrine is bottomed on negligence by an inference, from a cause unexplained. Plaintiff abandoned a theory based on negligence, the burden of which necessarily was his. In this case 100% reliance was placed upon the defectiveness of an escalator. The jury held this escalator was *not* defective. That should have ended this case, but the jury said that nonetheless the defendant should respond in damages. The main opinion's sanction of this sort of legerdemain, in my opinion, is more inconsistent than the jury's antithetical conclusions. Let's face it. The jury said there was nothing wrong with the escalator, but anyway, Penney should respond. This not only is inimical to the historical concept that no one is liable without fault, but espouses the dangerous doctrine that one is an

insurer against injury, regardless of the pleadings, common sense or the facts.

CALLISTER, J., concurs in the views expressed in the dissenting opinion of HENRIOD, C. J.