Welch, J.
This joint motion for summary judgment[3] presents the following question regarding the frequently discussed, but often vaguely defined, doctrine of res ipsa loquitur. For the purposes of this motion only, the parties assume the following uncontested facts: The plaintiffs mother was appropriately holding her two-and-one-half-year-old daughter (the plaintiff Claribel Montes Garcia), with the child’s legs dangling in front of her mother and off the ground, as they descended on an escalator at a public subway stop. The defendant MBTA owned and operated the escalator while defendant Westinghouse had a contractual obligation to maintain and inspect the escalator. While descending, the plaintiff child cried out, and the mother looked down and saw blood on the child’s calf. Subsequent treatment showed that the child had suffered a serious injury, an avulsion tear of almost the entire right calf. An avulsion tear is the ripping away of skin and muscle from the bone and ligaments. The escalator was inspected the day before, the day of, and the day after the accident and was, at all times, found in proper operating order. No defective or dangerous condition relating to the escalator was ever identified. The plaintiff cannot identify the cause of the injury.
The issue presented by these facts is whether the fact that such an injury occurred while plaintiff was riding properly on the escalator permits an application of the doctrine of res ipsa loquitur and raises a sufficient question of fact to permit this negligence case to be decided by a jury. Although a close and interesting question, this Court concludes, under Massachusetts law, that the answer is “No.”
DISCUSSION
The doctrine of res ipsa loquitur applies when “(1) the instrumentality causing the accident was in the sole and exclusive control and management of the defendant; and (2) the accident is of the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant.” Wilson v. Honeywell, Inc., 409 Mass. 803, 805 (1991). Thus, if the instrumentality is within the control of the defendant, a jury must be able to reasonably conclude that “the incident is one which ordinarily does not occur, absent some negligence” on the part of the defendant. Id. at 807. The plaintiff is “not required to exclude every possible cause of the occurrence.” Id. Thus, the doctrine “permits a trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect . . ." Enrich v. Windmere Corp, 416 Mass. 83, 88 (1993). “The jury must be able to find, either by expert evidence or by their own common knowledge, that the mere occurrence of the accident shows negligence as a cause.” Id. See also Osborne v. Hemingway Transport, Inc., 28 Mass.App.Ct. 944,945 (1990) (applying doctrine when “an unusual occurrence or other circumstances from which a jury could reasonably find that the accident is of a kind that would not have happened in the ordinary course of events unless there was negligence by the defendant”).
For the purposes of this motion, the defendants conceded at oral argument that the MBTA could be considered to have sufficient control over the escalator to satisfy the first prong of the doctrine of res ipsa loquitur. See Wison v. Honeywell, Inc., 409 Mass, at 806 (“[e]ven where absolute exclusivity in use is not evident, a jury may be reasonable in finding that the defendant’s control was sufficient to warrant an inference that the defendant was more likely responsible for the incident than someone else”). The primary issue, therefore, is whether a jury, using its own common knowledge, could determine that the type of accident occurring in this case “does not ordinarily happen unless the defendant was negligent in some respect.” Enrich v. Windmere Corp., 416 Mass, at 88.
The type of accident involved in this case, an avulsion tear to a child’s calf, is indeed an “unusual” event but not an event which gives rise to an inference of negligence on the part of the defendants. In this case there is absolutely no evidence which bolsters an inference that the escalator was defective. Contrast Wilson v. Honeywell, Inc., 409 Mass, at 807 (evidence of wood debris and dangling spring bolsters the inference that the door was defective); Brady v. Great Atl. & Pac. Tea Co., 336 Mass. 386, 390 (1957) (evidence of frayed strap); Twohig v. MBTA, 1985 Mass.App.Div. 142 (rubber covering of handrail falls off). Nor is there any evidence or inference in this case that a reasonable inspection of the instrumentality prior to the accident more probably than not would have revealed the defect. See Wilson v. Honeywell, Inc., 409 Mass, at 807. Indeed, in this case, an inspection the day before, the day of, and the day after of the escalator revealed *220 no defect nor has the plaintiff pointed to any supplementary evidence indicating any defect. See Osborne v. Hemingway Transport, Inc., 28 Mass.App.Ct. at 945-46 (res ipsa loquitur does not apply when no evidence that defect discoverable by the defendant in the exercise of reasonable care).
Particularly troubling in this case is the type of injury which occurred. A significant and serious avulsion tear, i.e., the ripping away of skin and muscle from the bone, is an injury which a jury could not reasonably conclude resulted from the negligence of a person maintaining or operating an escalator, at least on the particular facts of this case. Here, the plaintiff child was being held with her legs dangling in the air. Any defect in the escalator which could grab a child’s calf and produce such a serious avulsion tear while being held in this manner would, one would reasonably presume, be noticeable during any prior or subsequent inspection of the escalator. Unlike a simple laceration that might result from an unnoticed sharp escalator wall edge, or similar injury explainable by the common knowledge of a jury, the Court (and one assumes any reasonable jury) is at a loss (without expert guidance not proffered in this case) to explain (or presume) how the present unique injury could have been caused by a negligently maintained escalator. This simply is not the type of injury that would happen “unless the defendant(s) [were] negligent in some respect.” Thus, the doctrine of res ipsa loquitur does not apply.
Perhaps another way to address this troublesome issue is in regard to causation. Even assuming that the plaintiff can rely upon the res ipsa loquitur doctrine to establish negligence (i.e., a breach of a duty of care owed), the plaintiff has failed to put forward any evidence whatsoever from which a reasonable jury could infer that the cause of this particular and peculiar injury was the allegedly defective escalator or its defective maintenance. Under the circumstances of this case any jury would be left “to conjecture and surmise about the cause of the [accident] without adequately founded . . . essential expert guidance.” Enrich v. Windmere Corp., 416 Mass, at 89 (citations omitted).
The plaintiff relies heavily upon two cases involving the use of res ipsa loquitur in escalator accidents. See Londono v. Washington Metro. Area Transit Auth., 766 F.2d 569 (D.C. Cir. 1985) (applying District of Columbia law), and Sanone v. J.C. Penny Co., 404 P.2d 248 (1965) (applying Utah law). In Londono, the court concluded that “under District of Columbia law, res ipsa loquitur can apply even where the cause of the accident is in doubt or not clearly demonstrated.” Id. at 573. The Londono case and the Sanone case are distinguishable on two grounds. First, the courts applying the District of Columbia and Utah law of res ipsa loquitur appear to take a broader view of the doctrine than set forth in the decisions of the Supreme Judicial Court or the Appeals Court for the Commonwealth of Massachusetts. Second, and perhaps most importantly, the facts in the Londono and Sanone cases are significantly different than the present case. In those cases, the injuiy which occurred on the escalator was a simple laceration to the lower leg of the passenger, not the unique avulsion tear involved in this case. It may be within the common knowledge of a jury to conclude that an escalator wall may produce a laceration to a passenger’s leg should the escalator have been negligently maintained or manufactured. The injury involved in the present case, however, is not the type that could have been caused by any type of defect in an escalator or an escalator wall which would be within the “common knowledge” of a jury. Conceivably, expert testimony could establish the reasonable probability of such an accident or cause, but no such expert testimony is proffered in this case. The expert opinion proffered by this plaintiff does not relate to the particular injury involved in this case or this particular accident. Instead, the expert broadly concludes that the MBTA was negligent in not replacing the somewhat antiquated escalator, not adequately supervising the use of the escalator, and not providing an elevator in the subway as an alternate mode of transportation. As is clear from the expert’s report, the expert’s opinion that “this accident was entirely foreseeable” is based upon “the widely recognized legal presumption that escalators, by their very nature, are unreasonably dangerous to children.” This type of generalized opinion does not relate to the issue of causation in this case and does not relate to the particular accident involved in this case. This generalized expert opinion appears to assume that escalators are a per se dangerous mode of child transport. This “legal presumption” (as it is termed by the expert) finds no support in Massachusetts law. In short, the plaintiffs proffered expert opinion does not save the plaintiff from summary judgment.
Therefore, this Court concludes that summary judgment is appropriate as to Counts I and II which allege negligence on the part of defendants MBTA and Westinghouse based upon the doctrine of res ipso loquitur. In addition, summary judgment should be granted as to Counts IV and V which solely allege liability upon the doctrine of strict liability. The doctrine of strict liability is not recognized in Massachusetts as a remedy for the injury suffered in this case. See Garret v. M. McDonough Co., 297 Mass. 58, 61 (1937): Bratton v. Rudnick, 283 Mass. 556, 560 (1933).
ORDER
For the foregoing reasons, the defendants’ motions for summary judgment as to Counts I, II, IV, and V are hereby GRANTED.

The two remaining defendants, Massachusetts Bay Transportation Authority (MBTA) and Westinghouse Elevator Company (Westinghouse) jointly move for summary judgment on all the remaining counts in this action, namely Counts I and II (alleging negligence on the part of MBTA and Westinghouse, respectively) and Counts IV and V (alleging strict liability on the part of MBTA and Westinghouse, respectively). The Counts against the defendant Schindler Elevator Company were previously dismissed.